UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE WILLIAMS,<br><br>Plaintiff,<br><br>-against-<br><br>DOUGLAS A. COLLINS; YESENIA MATA; VIVIANA DECOHEN; JOEL EVANS; US DEPARTMENT OF VETERANS SERVICES; NEW YORK STATE DEPARTMENT OF VETERANS SERVICES; NEW YORK CITY DEPARTMENT OF VETERANS SERVICES; DEPARTMENT OF VETERANS SERVICES,<br><br>Defendants. | 26-CV-6482 (GBD)<br><br>ORDER OF DISMISSAL |

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff Renee Williams, who is appearing *pro se*, brings this action in which she asserts claims under the court's federal question jurisdiction. She names as defendants: (1) Douglas A. Collins; (2) Yesenia Mata; (3) Viviana DeCohen; (4) Joel Evans; (5) the United States Department of Veterans Affairs; (6) the "New York State Department of Veterans Affairs"; (7) the New York City Department of Veterans Services; and (8) "Department of Veterans Services." The relief that she seeks can be characterized as injunctive in nature. Plaintiff also filed an Application for the Court to Request Pro Bono Counsel. (ECF No. 4.) By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

The Court dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and denies Plaintiff's motion.

## STANDARD OF REVIEW

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Still, the "special solicitude" in *pro se* cases has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Id.* at 475 (citation omitted).

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff invokes the court's federal question jurisdiction and alleges that she has been subjected to "[i]llegal GPS tracking for trafficking, business[ ] reason, sex crimes, crime ring, [and] Government Ginuea Pig Experiment," in contravention of the Fourth Amendment, 18 U.S.C. § 2721, and 18 U.S.C. § 2510. (ECF No. 1, at 2.)

At some point between 1997 and the present, unspecified hospital staff and "family member family business" caused the deaths of her mother and older brother. (*Id.* at 5.) She was thereafter:

> target[ed] by mindgames target[ing] individual programming. RFID implants used for sex trafficking, cyber trafficking, [and was] place[d] for assassinations hitlist by secret society – Uncle Tom slave master family sibling friends. I'[ve] been raped

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

> electronically, remotely, virtually by old but updated sex technology to create [and] send porn production virtually using my eye for spying.

(*Id.*) She further alleges that her foster parents and babysitter sexually abused her. (*Id.* at 6.)

Plaintiff appears to seek relief in the form of a "preliminary injunction" for "witchcraft, spells, voodoo dolls, prison for all business owners[,] citizen arrest for all perpetrator[s]." (*Id.*)

## DISCUSSION

### A. Private Prosecution

Plaintiff asserts that Defendants have committed numerous federal crimes and appears to request that they be arrested.

Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys or the court to initiate a criminal proceeding against any Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, to the extent that Plaintiff asserts claims under federal criminal statutes, the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### B. Plaintiff's Claims are Frivolous

The IFP statute requires a court to dismiss a complaint, or a portion of the complaint, if it determines that the action is frivolous or malicious under 28 U.S.C. §1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted)); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* at 368. Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]" (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Plaintiff's complaint is premised upon her belief that both governmental and private individuals, over the past three decades, have tracked her movements, sexually abused her, spied on her sexual activities through a radio transmitter implanted in one or both of her eyes, and targeted her for assassination for unspecified purposes. These allegations amount to conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an *in forma pauperis*

complaint "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief").

## C. Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## D. Application for the Court to Request Pro Bono Counsel

Plaintiff also filed an Application for the Court to Request Pro Bono Counsel. (ECF No. 4.) Because the defects in the complaint cannot be cured with an amendment and leave to amend the complaint has been denied, the Court also denies Plaintiff's Application for the Court to Request Pro Bono Counsel.

## CONCLUSION

Plaintiff's claims under federal criminal statutes are dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and the balance of the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies Plaintiff's Application for the Court to Request Pro Bono Counsel. The Clerk of Court is directed to terminate the motion pending at ECF No. 4.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

**SO ORDERED.**

Dated: AUG 0 5 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge