UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WILLIAMS,

Plaintiff,

-against-

DOUGLAS A. COLLINS, et al.,

Defendants.

26-CV-6482 (GBD)

ORDER DENYING MOTION

GEORGE B. DANIELS, United States District Judge:

Plaintiff Renee Williams commenced this action proceeding *pro se* and was granted permission to pursue this action *in forma pauperis* ("IFP"), that is, without the prepayment of the $405.00 in fees. (ECF No. 8.) By order dated August 5, 2026, the Court dismissed, for lack of subject-matter jurisdiction, those portions of the complaint in which Plaintiff demanded the criminal prosecution of Defendants, and the Court dismissed as frivolous the balance of the complaint. In the same order, the Court denied Plaintiff's application for the Court to request *pro bono* counsel. (ECF No. 7.) On August 12, 2026, the Clerk of Court entered judgment for Defendants. (ECF No. 9.)

On August 26, 2026, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit, challenging the order dated August 5, 2026, and the subsequent entry of judgment. (ECF No. 10.) On August 26, 2026, after Plaintiff's appeal was transmitted to the Second Circuit, Plaintiff filed a renewed application for the Court to request *pro bono* counsel, which remains pending. (ECF No. 11.)

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58

(1982). "Because the action in this Court is closed, and this action is on appeal to the Second Circuit, the Court lacks authority to consider Plaintiff's request for *pro bono* counsel." *Singleton v. City of New York*, No. 21-CV-6583 (LTS), 2021 WL 5323753, at *2 (S.D.N.Y. Oct. 1, 2021). "If Plaintiff seeks *pro bono* counsel to assist with h[er] appeal, [s]he can make such request to the Court of Appeals for the Second Circuit. If this matter is reopened, Plaintiff can renew [her] request for *pro bono* counsel at that time." *Id.*

**CONCLUSION**

The Court denies Plaintiff's motion at ECF No. 11 and directs the Clerk of Court to terminate it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: SEP 14 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge